UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DISIPIO | : |
| | : |
| v. | : CIVIL ACTION NO. 02-2620 |
| | : |
| EXPERIAN INFORMATION SOLUTIONS, INC., CBA INFORMATION SERVICES, WFNNB/CHARMING SHOPPES | : |

**ORDER**

AND NOW, this _____ day of _____, 2003, upon consideration of CBA Information Services' unopposed Motion for Continuance of Trial, it is hereby ORDERED that this matter is stricken from the February 20, 2003 trial pool. It shall be placed in the April 14, 2003 trial pool.

BY THE COURT:

_____
J. Curtis Joyner, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DISIPIO | : |
| | : |
| v. | : CIVIL ACTION NO. 02-2620 |
| | : |
| EXPERIAN INFORMATION SOLUTIONS, INC., CBA INFORMATION SERVICES, WFNNB/CHARMING SHOPPES | : |

### DEFENDANT CBA INFORMATION SERVICES'
### UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL

1. Plaintiff commenced this action seeking damages for defendant CBA Information Services' (hereinafter "CBA") alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

2. On October 22, 2002, this Court entered a Scheduling Order directing that this matter be placed in the trial pool on February 20, 2003.

3. Plaintiff's Complaint asserts, *inter alia*, that credit reports issued by CBA contained derogatory and inaccurate information and that, when plaintiff disputed that information, CBA did not conduct a proper investigation. Complaint, ¶¶ 11-17.

4. CBA's primary liability witness is Pauline Collier. When the acts of which plaintiff complains allegedly occurred, Ms. Collier was CBA's Consumer Assistance Manager.

5. As Consumer Assistance Manager, Ms. Collier had responsibility for implementing procedures and supervising the employees that were responsible for processing the disputes that give rise to this action.

6. On February 13, 2003, Ms. Collier underwent surgery at the Fox Chase Cancer Center for the treatment of breast cancer.

7. As a result of this surgery, Ms. Collier is not now available to testify for trial.

8. Accordingly, defendant CBA would be prejudiced if this matter were tried while Ms. Collier was unavailable.

9. Ms. Collier's surgeon expects her to return to work in six (6) to eight (8) weeks.

10. CBA therefore requests that a new scheduling order be issued placing this matter in the trial pool on April 14, 2003.

11. Counsel for plaintiff, Mark D. Mailman, does not oppose this request.

Respectfully submitted,

TABAS & ROSEN, P.C.

_____
Howard R. Maniloff
1845 Walnut Street, 22nd Floor
Philadelphia, PA   19103
(215) 569-5050

Attorney for Defendant
CBA Information Services

**CERTIFICATE OF SERVICE**

I certify that: (a) Defendant CBA Information Services' Unopposed Motion for Continuance of Trial has been filed electronically and is available for viewing and downloading from the ECF System and, (b) service of said motion is being made pursuant to ECF Procedural Order ¶ 7(a) on the following: Mark D. Mailman, Esquire

TABAS & ROSEN, P.C.

Howard R. Manoff
1845 Walnut Street, 22nd Floor
Philadelphia, PA   19103
(215) 569-5050

Attorney for Defendant
CBA Information Services